## Package Sales of Commodities

MILLER, Deputy Attorney General, July 29, 1947.—
This department is in receipt of your letter in which
you ask if it is a violation of section 7 of the Act of
July 24, 1913, P. L. 965, as amended, 76 PS §241,
sometimes referred to as the "Commodities Act", for
a retail merchant to distribute, offer for sale, sell or
have in his possession to distribute, offer for sale, or
sell over the counter to a consumer, a commodity
wrapped in package form and not marked as to net
quantity.

Section 7 of the Commodities Act-of July 24, 1913,
P. L. 965, 76 PS §247, as amended by the Act of June
20, 1947 (no. 310), provides as follows:

"No person shall distribute or sell or have in his
possession with intent to distribute or sell any com-
modity in package form, unless the net quantity of

the contents shall be plainly and conspicuously marked on the outside of the package in terms of weight, measure, or numerical count: Provided, however, That reasonable variations shall be permitted; and tolerances may be established by rules and regulations made by the department. Before any tolerances are granted, producers and manufacturers of commodities must make written application for a tolerance to the department, and must furnish proof that the use value of the commodity will not be affected by the granting of the tolerance. Exempt from marking as to net content contained shall be:

"(a) All packages sold as liquid commodities containing less than one ounce liquid measure, and selling for five cents or less.

"(b) All packages sold as dry commodities containing less than one ounce avoirdupois, and selling for five cents or less."

In a previous formal opinion of this department, Retail Sales by Weight, 56 D. & C. 175, several phases of section 7, inter alia, of the Commodities Act were discussed and a conclusion reached, as follows:

". . . commodities, such as groceries, meats and vegetables, ordered by telephone or personal contact from merchants or their representatives, and not weighed, measured or counted in the presence of the purchaser, when wrapped in paper, placed in bags, or put in some other kind of a container for delivery at a later time, must either be marked to show their net content in weight, measure or numerical count, or be accompanied by a statement clearly indicating such weight, measure or numerical count." (Syllabus.)

Section 7 expressly forbids a seller from selling, distributing or having in his possession with intent to distribute or sell, any commodity in package form, unless the net quantity of the contents are plainly marked on the outside of the package.

The sale or distribution of a commodity in unmarked package form is a violation of the act. However, possession of an unmarked packaged commodity is not a violation of section 7's provisions, in the absence of an intent on the part of the possessor to sell or distribute it without marking it in terms of weight, measure, or numerical count. The intent of the possessor is a matter to be gathered from the circumstances surrounding the possession and to be determined by the judicial tribunal before whom the case is brought.

If, for example, as you cite in your letter, the commodities consist of cheese cut from large cakes into small cakes weighing approximately 4 ounces, 8 ounces, 12 ounces, etc., and then wrapped in package form, the violation would be complete, irrespective of intent, upon the sale or distribution of the package of cheese in an unmarked condition. If the unmarked packages of cheese were stored in a back room, or left in the store's cooler room, it might be quite difficult to convince a court that the purpose of the possessor was to sell or distribute the packages in their unmarked condition. However, if the unmarked packages of cheese were arranged on a grocer's display shelves, on his selling counter, in his display window or display refrigerator cabinet, with a sign on them stating, "Cheese, 39¢ a package", the intent of the grocer could well be quite evident to a court as an offer to sell the packages without compliance with the Commodities Act.

We are, therefore, of the opinion that it is a violation of section 7 of the Commodities Act of July 24, 1913, P. L. 965, as amended, 76 PS §247, for a retail merchant to sell or distribute a commodity, as defined in the act, wrapped in package form and not marked as to net quantity of its contents.

Further, it is a violation of section 7 of the Commodities Act for a retail merchant to have in his possession, with intent to sell or distribute, a commodity, as defined

in the act, wrapped in package form and unmarked as to net quantity of its contents.

However, commodities not considered as packages within the meaning of the act, or labeled as to net contents at the time of sale, must be counted, measured or weighed in full view of the customer, if he is present at the time of sale, and a statement of the result of the counting, measuring, or weighing communicated at once to the purchaser by the person making the sale. If the customer is not present at the time the commodities are counted, measured, or weighed, each commodity must be marked to show its net content in weight, measure, or numerical count, or must be accompanied by a statement clearly indicating such weight, measure, or numerical count.

Dry or liquid commodities containing less than one ounce in volume or by weight, which sell for less than five cents, are made expressly exempt from the above regulation requirements.